**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

RAFAEL HERRERA,

Plaintiff,

vs. Case No.:

SMYRNA READY MIX
CONCRETE, LLC,
a Foreign Limited Liability Corporation,

Defendant.
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Rafael Herrera ("Mr. Herrera"), by and through the undersigned attorney, hereby sues the Defendant, Smyrna Ready Mix Concrete, LLC ("SRM" or "the Company"), and alleges as follows:

**INTRODUCTION**

Defendant, SRM, claims to have a strong stance against discrimination in the workplace, stating in its Equal Employment Opportunity Policy, "Smyrna Ready Mix Concrete, LLC is committed to non-discrimination policies and practices in providing equal employment opportunity (EEOC) to all qualified persons…" They also provide in their Employee Handbook a section detailing the Company's ability to provide reasonable accommodation "to enable a qualified applicant with a disability to perform the essential functions of a job currently held or sought," as

long as it does not impose an undue hardship on the operation of the business. SRM's Employee Handbook goes onto state, "[h]uman resources, in conjunction with management, will engage in an interactive process with the employee to determine whether a reasonable accommodation can be provided."

However, Plaintiff, Mr. Herrera, dealing with ongoing medical issues related to a hernia, was subjected to overt discrimination when he was denied the ability to utilize an additional one (1) month of medical leave to recover from a surgical procedure.

When Mr. Herrera provided SRM with information pertaining to his serious health condition requiring ongoing medical treatment, it triggered protection under the Family Medical and Leave Act ("FMLA") and the Florida Civil Rights Act ("FCRA"). Upon learning of Mr. Herrera's diagnosis, SRM notified Mr. Herrera that despite his disabling medical condition, SRM would not be offering Mr. Herrera any sort of workplace accommodation. Mr. Herrera was then forced to go out on leave approximately three (3) weeks earlier than requested, even though he was fully capable of performing all essential functions of his position.

Mr. Herrera submitted all requested documentation from his physician and was approved for FMLA based medical leave that was backdated to November 1, 2023, and scheduled to conclude on January 24, 2024. Prior to the expiration of Mr. Herrera's FMLA leave, and in line with SRM's leave policy, Mr. Herrera's

physician submitted additional documentation, providing that Mr. Herrera was eligible to return to the workplace on February 29, 2024, with a temporary restriction of not lifting over one hundred (100) pounds. Surprisingly, SRM failed to engage in the interactive process, summarily denied Mr. Herrera's request for a brief extension of his medical leave and terminated his employment.

Mr. Herrera seeks redress including compensatory damages for pain, suffering, mental anguish, loss of enjoyment of life; compensation for lost wages, liquidated damages, punitive damages, benefits, and other remuneration, attorneys' fees and costs, punitive damages, and for such other and further relief as this Court deems just and proper.

## **JURISDICTION AND VENUE**

1. Venue is proper in this district because a substantial part of the events giving rise to this claim arose in this district and discriminatory decisions for which the Plaintiff seeks redress originated in Florida.

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as this action involves federal questions regarding violations of Plaintiff's rights under the FMLA.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. At all relevant times, Defendant was a covered "employer" pursuant to

the FMLA, employing fifty (50) or more employees in a seventy-five (75) mile radius.

5. Plaintiff was an "employee" of Defendant within the meaning of the FMLA, having been employed at least twelve (12) months and having worked 1,250 hours over the preceding twelve (12) months, and at a location where Defendant employed fifty (50) or more employees within seventy-five (75) miles.

6. At all relevant times, Defendant was a covered employer pursuant to the FCRA and employs more than fifteen (15) employees in the state of Florida.

## PARTIES

7. Defendant, Smyrna Ready Mix Concrete, LLC, is a foreign limited liability corporation conducting business in the State of Florida, including Lee County.

8. Plaintiff, Mr. Herrera, is a resident of the State of Florida and was employed by Defendant in Fort Myers, Florida.

## ADMINISTRATIVE PREREQUISITES

9. All conditions precedent to bringing this action have occurred.

10. Plaintiff timely filed a dual charge of disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") on March 2, 2024.

11. Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap.

760 ("FCRA"), because more than 180 days have passed since the filing of the charge.

## GENERAL ALLEGATIONS

12. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federally and state protected rights.

13. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of Defendant.

14. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

15. Plaintiff was hired by Defendant on or about March 5, 2018, and remained employed as a Concrete Mixer Driver until his unlawful termination on April 23, 2024.

16. At all times relevant to this action, Plaintiff was regarded as an exemplary employee. He was never subjected to disciplinary review or any negative performance evaluation, and he received only a single warning related to absences stemming directly from his medical condition.

17. Plaintiff's claims arise out of events that occurred between approximately September 2023 and January 29, 2024.

18. In or around September 2023, Plaintiff informed Defendant that he had been diagnosed with an open umbilical hernia—a disabling medical condition as defined under applicable law—which would require medically necessary surgery to treat.

19. Following this disclosure, Plaintiff was approved for medical leave under the Family and Medical Leave Act (FMLA), scheduled to begin on the date of his surgery—November 21, 2023—and to continue through January 26, 2024. Plaintiff was also approved for short-term disability leave, extending his leave period through February 29, 2024.

20. Prior to his surgery, on or about November 1, 2023, Plaintiff met with Human Resources official, Debbie Bradstreet, and Plant Manager, Chad Kennedy. During that meeting, both individuals explicitly informed Plaintiff that, notwithstanding his disability, the Company would not be offering him any form of workplace accommodation.

21. On or about December 15, 2023, Plaintiff submitted documentation from his treating physician to the Company. The documentation confirmed the date of his surgery and recommended that upon his eventual return to work, Plaintiff temporarily be restricted to lifting no more than one hundred (100) pounds. The physician also stated that Plaintiff would remain incapacitated and unable to work until February 29, 2024.

22. Despite being fully aware of Plaintiff's medical condition, his surgical recovery timeline, and his physician's clear guidance, Defendant terminated Plaintiff's employment on or about January 29, 2024—one month before he was expected to recover and return to work.

23. Defendant's decision to terminate Plaintiff's employment was taken immediately after the expiration of the FMLA based medical leave and in retaliation for his lawful use of FMLA leave. This action constitutes unlawful FMLA retaliation, in violation of 29 U.S.C. § 2615.

24. Plaintiff's termination occurred solely because of his disabling medical condition and his decision to seek medical treatment. Defendant made no effort to engage Plaintiff in the interactive process required under the Florida Civil Rights Act ("FCRA") to explore reasonable accommodations that would have enabled Plaintiff to continue his employment without imposing an undue hardship on the Company.

25. Instead, Defendant opted to terminate Plaintiff's employment rather than fulfill its statutory obligations as an employer, in clear violation of the FCRA.

26. The facts clearly demonstrate that Plaintiff's termination was motivated by his disability, his request for medical leave, and his exercise of protected rights under the FMLA. Plaintiff would not have been terminated but for his medical condition, his need for leave, and Defendant's unwillingness to accommodate his

recovery.

**COUNT I**
**29 CFR § 825.220**
**VIOLATION OF SECTION 105 OF THE FMLA**
**(Retaliation)**

27. Plaintiff re-alleges and re-adopts paragraphs 1 through 26 of his Complaint as if fully set forth herein.

28. Defendant retaliated against Plaintiff for asserting his FMLA rights, which constituted unlawful retaliation pursuant to the FMLA.

29. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

30. As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. back pay and benefits (including but not limited to uninsured medical expenses incurred);
b. interest on back pay and benefits (including but not limited to uninsured medical expenses incurred);
c. front pay and benefits (including but not limited to uninsured medical expenses to be incurred);
d. liquidated damages;
e. injunctive and/or equitable relief;

f. costs and attorneys' fees;

g. punitive damages; and

h. any other relief this Court deems just and equitable.

## COUNT II
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT
## (Disability Discrimination -Disparate Treatment and Failure to Accommodate)

31. Plaintiff re-alleges and re-adopts paragraphs 1 through 26 of his Complaint as if fully set forth herein.

32. Plaintiff is/was disabled as defined by the FCRA.

33. Defendant refused to engage in the "interactive process" with Plaintiff to determine whether any accommodations were necessary, would create an "undue hardship," or to explore alternatives.

34. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as disabled because of his medical conditions.

35. Defendant terminated Plaintiff on the basis of his disability or because Defendant regarded Plaintiff as disabled because of his medical conditions in violation of the FCRA.

36. As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

37. Defendant engaged in discrimination against Plaintiff with malice and

reckless indifference to Plaintiff's rights under the FCRA.

38. Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

39. Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. back pay and benefits;

b. interest on back pay and benefits;

c. front pay and benefits;

d. compensatory damages for emotional pain and suffering;

e. for costs and attorneys' fees;

f. injunctive relief;

g. punitive damages; and

h. for any other relief this Court deems just and equitable.

**COUNT III**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT**
**(Retaliation)**

40. Plaintiff re-alleges and re-adopts paragraphs 1 through 26 of his Complaint as if fully set forth herein.

41. The foregoing actions of Defendant constitute retaliation against Plaintiff based upon Plaintiff's protected activities in violation of the FCRA based

upon his disability, and request for accommodation(s).

42. Defendant's actions were willful and done with malice.

43. The retaliation described herein was based on Plaintiff's exercise of rights protected by law to resist and oppose unlawful discrimination and request reasonable accommodations.

44. Plaintiff was injured due to Defendant's violations of the FCRA, including but not limited to losing his job, wages, and benefits to which Plaintiff is entitled to legal and injunctive relief.

45. Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful retaliation.

46. Plaintiff is entitled to legal and injunctive relief as a result of Defendant's actions.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. back pay and benefits;

b. interest on back pay and benefits;

c. front pay and benefits;

d. compensatory damages for emotion pain and suffering;

e. for costs and attorneys' fees;

f. injunctive relief;

g. punitive damages; and

h. for any other relief this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial for all issues so triable.

Dated this 29th day of May 2025.

***/s/ Jeffrey Del Rio***
**JEFFREY DEL RIO, ESQ.**
Fla. Bar No. 105849
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone: 813-983-2959
Fax: 813-229-4059
Email: jdelrio@forthepeople.com
*Attorney for Plaintiff*